# EXHIBIT 5

DocuSign Envelope ID: 490656A1-752C-40D7-8DC8-85F57574A854

**Settlement Agreement**
**July 16, 2021**

This Settlement Agreement is entered into with respect to Oakland County Circuit Court Case No. 2021-186604 CB (the "Lawsuit"), by and between Plaintiff W.R. Duke Taylor ("Taylor"), Defendant Dean Bach ("Dean"), and their jointly-owned entities Dino Drop, Inc., Buccaroo, LLC, 45 Degree Hospitality, and Buccaroo Too (the "Companies"). At a facilitation occurring on July 16, 2021 with Earle Erman, Esq., the parties agreed to resolve the Lawsuit and claims that were made or could have been made in the lawsuit, and all business issues between them, as follows:

1. Dean shall retain the food truck for his own use.

2. The Gaylord property up north will be sold. Duke will manage the sale process. Dean shall be paid $100,000 at the closing table of the sale PROVIDED he cooperates in getting to the closing table.

3. The other three Oakland County properties will be sold. Duke will manage the sales. Dean shall receive $25,000 for the 2 larger properties at the closing table PROVIDED he cooperates in getting to the closing table. Dean shall receive no amount from the smaller property.

4. All four real estate sales shall go forward managed by Jodi Barnett who already has a relationship with a good buyer.

5. $20,000 from the Gaylord restaurant credit union account up north shall be paid into the MacWilliams trust account funds within one week of the execution of this Agreement and used to settle the Pawnee case. The balance shall be payable to Dean and he can close the account. Dean will provide bank statements for the credit union account from the date of inception of the account going forward (or electronic access). (The Pawnee case involves equipment used at the Gaylord restaurant and thus funds from that restaurant should help settle the debt. That and other cases need to be settled so we can sell the equipment free and clear and get the real property sold.) Dean represents and warrants that he has not incurred and will not incur any new business debts other than that which has been disclosed to date.

DocuSign Envelope ID: 490656A1-752C-40D7-8DC8-85F57574A854

6. The $6,000 in Butzel account shall be used towards Dean's legal fees. In exchange for this and Dean's retention of the approximately $10,000 remaining in the credit union, $16,000 of the funds in MacWilliams trust account shall be applied to Duke's legal fees.

7. Anything left in the MacWilliams trust account shall be used to pay business and property debts and expenses necessary to get to the closing table (legitimate expenses like insurance, taxes, utilities). Duke's attorneys will continue to disclose and discuss the expenses from the funds.

8. The court will retain jurisdiction to enforce the Agreement.

9. In the event of a dispute relating to this Agreement, the facilitator shall be engaged, with both parties sharing the costs 50/50, to try to resolve the dispute.

10. Dean shall resign from any capacity he holds in any of the four entities as an officer, director, shareholder, and/or member, and shall surrender his equity and waives the right to distributions (if any) and the right to additional remainder proceeds in connection with the winddown and liquidation. Dean's resignation from each entity shall be placed into escrow with Butzel and shall be delivered immediately prior to closing on any sale, such that Dean's approval shall not be necessary to effectuate any closing.

11. Releases:

    (a) For good and valuable consideration, the receipt of which is here acknowledged, upon the sale of all three large properties, Duke and the Companies completely and forever release Dean, from any and all past and present claims, loans, Buy-Sell, S Corporation and shareholder and operating agreements, any other agreements or contracts (including, but not limited to, any oral promise or contract, actual or alleged to exist), notes, demands, obligations, causes of actions any employment based claims, any derivative claims, any claimed rights for distributions, any claim for employee wages or benefits, damages, attorney fees, principal payments, interest, costs, loss of profits claims and compensation of any nature whatsoever, known or unknown, actual or contingent, whether based in contract or tort, arising out of or touching upon any fact, circumstance, representation, act or agreement. This includes all claims based on or which could have been brought in the Lawsuit. Saved and excluded from this release are any claims arising out of or created by this Agreement (including exhibits to this Agreement), or necessary to enforce the terms of this Agreement.

    (b) For good and valuable consideration, the receipt of which is here acknowledged, upon the sale of all three large properties, Dean and the Companies completely and forever releases Duke, from any and all past and present claims, loans, Buy-Sell, S Corporation

and shareholder and operating agreements, any other agreements or contracts (including, but not limited to, any oral promise or contract, actual or alleged to exist), notes, demands, obligations, causes of actions any employment based claims, any derivative claims, any claimed rights for distributions, any claim for employee wages or benefits, damages, attorney fees, principal payments, interest, costs, loss of profits claims and compensation of any nature whatsoever, known or unknown, actual or contingent, whether based in contract or tort, arising out of or touching upon any fact, circumstance, representation, act or agreement. This includes all claims based on or which could have been brought in the Lawsuit. Saved and excluded from this release are any claims arising out of or created by this Agreement (including exhibits to this Agreement), or necessary to enforce the terms of this Agreement.

(c) The parties further expressly waive and assume the risk of any and all claims for damages against any party which exist as of this date provided the same have been disclosed through today's date.

(d) The parties further agree that this Agreement represents a full and complete compromise and settlement of any and all potential matters involving disputed issues of law and fact by either of the parties against the other relating to the matter set forth in the Lawsuit and relating to any other matter not identified in the Lawsuit. The parties fully assume the risk that the facts and/or law may be other than they believe. Saved and excluded from this Release are any claim arising out of/or created by this Agreement (including exhibits to this Agreement or necessary to enforce the terms of the Agreement.

12. Dean shall have access to the properties to remove his personal belongings at all times accompanied by a representative of the companies.

13. The parties shall each indemnify, defend and hold each other harmless against any liabilities incurred by the other party from the date of this Agreement forward.

THE UNDERSIGNED DECLARE THAT THEY HAVE READ THIS INSTRUMENT, THAT THEY UNDERSTAND IT, THAT THEY HAVE ENTERED INTO IT VOLUNTARILY, THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS REGARDING IT, AND THAT THEY AGREE TO THE TERMS SET FORTH HEREIN.

Duke Taylor

/s/ *[signature: W.R. DB]*

Dean Bach

/s/ *[signature: Dean Bach]*

Dino Drop, Inc.

/s/ *[signature: W.R. DB]*

By: Duke Taylor

Its: Authorized Representative

Buccaroo, LLC

/s/ *[signature: W.R. DB]*

By: Duke Taylor

Its: Authorized Representative

45 Degree Hospitality

/s/ *[signature: Dean Bach]*

By: Dean Bach

Its: Authorized Representative

Buccaroo Too

/s/ *[signature: Dean Bach]*

By: Dean Bach

Its: Authorized Representative