UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL
BANK,

           Plaintiff,

                                    Case No.: 22-11290

v.                                   Hon. Gershwin A. Drain

BUCCAROO LLC, *et al*.,

           Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT ROBERT DUKE TAYLOR'S MOTION TO DISMISS DEFENDANT DEAN BACH'S CROSSCLAIM [#56] AND CANCELING OCTOBER 11, 2023 HEARING

### I. INTRODUCTION

On June 10, 2022, the Huntington National Bank filed the instant action after Defendants Dean Bach, William Robert Duke Taylor and their business entities defaulted on several loans totaling $1,525,000.00. On July 7, 2022, the parties stipulated to the appointment of a receiver, M. Shapiro Management Company, LLC. On August 31, 2022, Defendant Taylor filed his Answer to the Complaint along with a Crossclaim against Defendant Bach. On September 21, 2022, Defendant Bach filed his Answer to the Complaint, as well as a Crossclaim against Defendant Taylor alleging Breach of Contract, Breach of Fiduciary Duty, Unjust Enrichment and Conversion.

Now before the Court is Defendant Taylor's Motion to Voluntarily Dismiss his Crossclaim and Motion to Dismiss Defendant Bach's Crossclaim.  Because the parties agreed to the dismissal of Defendant Taylor's Crossclaim at a March 8, 2023 status conference, the Court entered an Order dismissing Defendant Taylor's Crossclaim without prejudice on March 9, 2023.  Thus, the only issue before the Court is whether Defendant Bach's crossclaim should likewise be dismissed. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve Defendant Taylor's present motion on the briefs and will cancel the October 11, 2023 hearing.  *See* E.D. Mich. L.R. 7.1(f)(2).

The Court concludes that dismissal of Defendant Bach's crossclaim without prejudice is warranted because it relates to Mr. Taylor's and Mr. Bach's state court lawsuit and a July 16, 2021 Settlement Agreement (SA), in which Bach and Taylor agreed that the state court retained jurisdiction to enforce the Agreement. Dismissal is also appropriate in light of principles of abstention, federalism, and comity.

## II.    FACTUAL BACKGROUND

Defendants Dean Bach and William Taylor, along with their business entities – Defendants Buccaroo LLC, Buccaroo Too, Dino Drop, Inc., and 45 Degree Hospitality – guaranteed loans extended to them by Plaintiff Huntington

2

National Bank.  Huntington National Bank has alleged two claims against the individual and entity Defendants – Breach of Notes (I) and Breach of Guarantees (II).

The individual Defendants have had an acrimonious relationship since their businesses failed.  Before Huntington Bank filed the instant lawsuit, Defendant Taylor filed suit against Defendant Bach in the Oakland County Circuit Court. The Oakland County case resulted in the July 2021 SA after a facilitation with Earle Erman, Esq. on July 16, 2021.  ECF No. 56, PageID.1324.  In Paragraph 8 of the SA, the parties agreed that "[t]he [Oakland County Circuit] [C]ourt will retain jurisdiction to enforce the Agreement." *Id*.  They further agreed that, "[i]n the event of a dispute relating to this Agreement, the facilitator shall be engaged, with both parties sharing the costs 50/50, to try to resolve the dispute." *Id*.

Thereafter, Defendant Bach filed a Motion to Set Aside Settlement Agreement and Request to Lift Stay arguing that he was fraudulently induced to enter into the SA.  ECF No. 56, PageID.1328.  The state court judge conducted "an exhaustive evidentiary hearing" and issued his May 20, 2022 Findings of Fact and Conclusions of Law concluding that there was no misrepresentation upon which Defendant Bach relied, and even if there had been, Bach did not reasonably rely on the ownership status of the Sky Bar when he entered the SA.  *Id*., PageID.1332.

The state court also held that Defendant Bach "wa[s] motivated by settlement remorse and" his motion "[wa]s entirely without merit." *Id.*, PageID.1333.

The state court's May 20, 2022 decision also reiterated that the SA "provides that the Court retains jurisdiction to enforce the Settlement Agreement." *Id.*, PageID.1329.  The decision further cites to Michigan Court Rule 2.504(B) which allows the court to involuntarily dismiss an action and states in relevant part, "[u]nless the court otherwise specifies in its order of dismissal, a dismissal under this subrule . . . operates as an adjudication on the merits." *Id.*

In his crossclaim before this Court, Defendant Bach alleges that the facilitation in the state court resulted "in a convoluted, ambiguous Facilitation Settlement Agreement" and that Defendant Taylor breached the SA and his fiduciary duty by failing to pay Bach $25,000.00 at the closing table in connection with the sale of Dino Drop and by using the Corporate Covid Relief Funds for his own personal gain.  Defendant Bach further alleges that Defendant Taylor's retention of these funds amounts to common law conversion and statutory conversion under Michigan law.

## II. LAW & ANALYSIS

In his motion to dismiss Defendant Bach's crossclaim, Defendant Taylor argues Defendant Bach's crossclaim is barred by the doctrine of res judicata. Defendant Bach responds that Defendant Taylor's reliance on the doctrine of res

judicata is misplaced because his crossclaim relies on facts and events occurring after the execution of the parties' SA.

"The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inxc. V. Moitie*, 425 U.S. 394, 398 (1981)).  Res judicata bars a subsequent action when (1) there was a final decision on the merits in the first action; (2) the subsequent action is between the same parties or their privies; (3)  issues exist in the subsequent action which either were litigated, or should have been litigated, in the prior action; and (4) there is an identity of the causes of action.  *Id.*

The Court cannot conclude under the facts of this case that res judicata bars Defendant Bach's crossclaim.  As an initial matter, it is not clear there was a final decision on the merits in the state court litigation.  While the state court's May 22, 2022 decision cites to Mich. Ct. R. 2.504, it is not clear that this was a final decision on the merits of the case, or a final decision on the merits of Defendant Bach's Motion to Set Aside the SA.  A review of the docket sheet[1] for the state

---

[1] A court may take judicial notice of facts contained in state court documents, including a state court docket sheet. *Great Am. Ins. Co. v. GeoStar Corp.*, No. 09-12488-BC, 2010 U.S. Dist. LEXIS 20258, at *56 (E.D. Mich. Mar. 5, 2010) (taking judicial notice of "the record of the criminal proceedings").

case reveals that the matter has been stayed since the appointment of the receiver in this action.  Moreover, a final disposition was entered on July 23, 2021, but immediately thereafter, the docket reflects that the Final Disposition was Error.

Next, the Court is not persuaded that all of the issues raised in Defendant Bach's crossclaim were litigated or should have been litigated when Defendant Bach claims Defendant Taylor failed to pay him $25,000.00 at the sale and closing of the Dino Drop business inconsistent with the terms of the SA. While some of the factual allegations set forth in Defendant Bach's crossclaim were certainly litigated in the state court, particularly the issue of the sale of the Sky Bar, Defendant Taylor's purported failure to abide by the terms of the SA could not have been litigated before the parties executed the SA.

Even though the Court finds that dismissal of Defendant Bach's crossclaim based on res judicata is not warranted, the Court agrees that Defendant Bach's crossclaim must be dismissed because the state court retained jurisdiction to enforce the parties' SA.  When a state court has retained jurisdiction to enforce the parties' settlement agreement, a district court should dismiss an action arising out of that agreement in favor of the state court adjudicating the dispute.  *See Tomerlin v. Johns Hopkins Univ., Inc*., 689 F. App'x 578, 578-79 (9th Cir. 2017) ("The district court properly dismissed Tomerlin's action for lack of subject matter jurisdiction because the Maryland state court retains exclusive jurisdiction over the

interpretation and enforcement of the settlement agreement that is the subject of the dispute.").

Here, Defendant Bach's crossclaim directly relates to, and arises out of the terms of the SA. The parties expressly agreed that the Oakland County Circuit Court would retain jurisdiction to enforce the SA, and if any dispute arose relating to the SA, the parties would engage the facilitator to resolve the dispute. *See Hankins v. CarMax, Inc.*, No. 11-cv-03685-RDB, 2012 U.S. Dist. LEXIS 4612, at *5 (D. Md. Jan. 13, 2012) ("[W]here parties agree to submit all matters relating to an action or a settlement to a specific court, that court is given exclusive jurisdiction over those matters, in particular those concerning enforcement of the settlement."); *see also Petosky Inv. Grp., LLC v. Bear Creek Twp*., No. 5:03-CV-14, 2005 U.S. Dist. LEXIS 49844, at *18-20 (W.D. Mich. Jul. 27, 2005) (collecting cases) (dismissing federal action where the parties stipulated to the terms of a Consent Judgment, including the state court's retention of jurisdiction).

Dismissal is also appropriate in light of principles of abstention, comity and federalism. It is well settled that "[f]ederal courts abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996). Under the *Younger* doctrine, "the notion of comity, [represents] a proper respect for state functions, . . . and a continuance of the belief that the National

Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). Pursuant to the *Younger* doctrine, "a district court should abstain from exercising jurisdiction where there is an ongoing judicial proceeding, the proceeding implicates important state interests and there is an adequate opportunity in the state court proceedings to raise the" same claims. *Petosky Inv. Grp., LLC*, 2005 U.S. Dist. LEXIS 49844, at *15 (citing *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001)).

In this case, *Younger* compels the conclusion that abstention is appropriate. There is an ongoing case in the Oakland County Circuit Court involving issues inextricably intertwined with Defendant Bach's crossclaim, important state interests are involved, including the state court judge's and the parties' intent that the state court retain jurisdiction to enforce the parties' SA. Finally, Defendant Bach has an adequate opportunity to raise his breach of contract, breach of fiduciary duty, unjust enrichment, common law conversion and statutory conversion claims in that court.

Principles of comity are also present in this case. "Comity originally emerged in the context of international law to reflect the recognition by one state or nation of the laws, policies and judicial acts of another." *Petosky Inv. Grp., LLC*, 2005 U.S. Dist. LEXIS 49844, *22 (citing Black's Law Dictionary, 261-62

8

(7th ed. 1999)).  Comity principles are applicable to "the recognition of federal and state courts of their respective judgments in our federal system of governance."  *Id*. (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 586 (1999)) (stating that "[m]ost essentially, federal and state courts are complementary systems for administering justice in our Nation.  Cooperation and comity, not competition and conflict, are essential to the federal design.")

As such, dismissal of Defendant Bach's crossclaim is warranted based upon the parties' and state court's intent that the state court would retain jurisdiction to enforce the SA, as well based upon principles of abstention, comity and federalism. For these reasons, Defendant Bach's claims belong in the state court.

## IV.   CONCLUSION

Defendant Taylor's Motion to Dismiss Defendant Bach's Crossclaim [#56] is  GRANTED.    Defendant  Bach's  Crossclaim  is  DISMISSED  WITHOUT PREJUDICE.

SO ORDERED.

Dated:  October 5, 2023                                         /s/Gershwin A. Drain
                                                               GERSHWIN A. DRAIN
                                                               United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 5, 2023, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager