UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HUNTINGTON NATIONAL
BANK, a national banking association,

        Plaintiff,

                                   Case No. 22-cv-11290

v.                               U.S. DISTRICT COURT JUDGE
                                     GERSHWIN A. DRAIN

BUCCAROO LLC, a Michigan limited
liability company, *et al*.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [#93]**

## I.    INTRODUCTION

Plaintiff Huntington National Bank sued Buccaroo LLC, Bucaroo Too, LLC, Dino Drop, Inc., 45 Degree Hospitality, Inc, William Robert Duke Taylor and Dean Bach for the outstanding indebtedness owed the Plaintiff. The Corporate Defendants sought financing from the Plaintiff and borrowed in excess of $1,400,000.00 in exchange for certain promises and obligations. The Corporate Defendants cross collateralized and cross-guaranteed each other's obligations with Defendants Taylor and Bach personally guaranteeing all of the obligations of the Corporate Defendants.

Plaintiff now moves for summary judgment, arguing that it is entitled to judgment in its favor on all claims in the amount of $393,621.80, with interest, attorney fees, costs and expenses added.  Only Defendant Bach filed a Response to the Plaintiff's Motion for Summary Judgment.  The Receiver and Plaintiff both filed Replies to Defendant Bach's Response.  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve the present motion on the briefs and cancels the hearing scheduled for January 14, 2025.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court grants Plaintiff's Motion for Summary Judgment.

## II.    FACTUAL BACKGROUND

Plaintiff extended a commercial credit facility to Defendant Buccaroo on or about March 29, 2013 in the principal amount of $489,000.00. This credit facility is documented by a Promissory Note and a Commercial Security Agreement.  ECF No. 93, PageID.2017, 2025.  To secure the Buccaroo note, Buccaroo as grantor executed a Mortgage on property located at 22736 Woodward Avenue in Ferndale, Michigan[1] on March 29, 2013, and recorded May 3, 2013.  *Id*., PageID.2031. Buccaroo also granted a Mortgage on property at 177 Vester in Ferndale, Michigan

---

[1] This property was sold prior to Plaintiff filing the instant action.

on March 29, 2013 and recorded on May 3, 2013. *Id.,* PageID.2044.  Defendants

Taylor and Bach guaranteed the Buccaroo debt.  *Id.,* PageID.2061, 2067.

Plaintiff also extended a commercial credit facility to Defendant Bucaroo

Too on or about February 8, 2019 in the principal amount of $1,036,000.00.  This

credit facility is documented by a Promissory Note.  *Id*., PageID.2077.  The Note is

guaranteed by Defendants Taylor, Bach, Buccaroo, and Dino.  *Id.,* PageID.2086,

2089, 2092, and 2095.

To secure Bucaroo Too's obligations under the $1,036,000.00 credit facility,

Bucaroo Too granted a mortgage on property at 4029 US Old 27, Gaylord,

Michigan and a parcel located at 4055 US Old 27, South Gaylord, Michigan on

February 8, 2019, and recorded on February 14, 2019.  *Id*., PageID.2097. Bucaroo

Too executed a Commercial Security Agreement to secure its obligations on the

$1,036,000.00 Note.

Plaintiff further extended a commercial credit facility to Defendant 45

Degree on June 27, 2018 in the principal amount of $75,000.00.  This credit

facility is documented by a Promissory Note and a Commercial Security

Agreement.  *Id.,* PageID.2120, 2123.  The Note is guaranteed by Buccaroo,

Bucaroo Too, Dino, Taylor and Bach.  *Id*., PageID.2129.

On April 12, 2021, the Plaintiff issued its Notice of Default, Demand for

Payment and Reservation of Rights regarding the Notes because the Defendants

had failed to pay the total outstanding indebtedness as provided for in the Notice of Default. *Id*., PageID.2152. On September 15, 2021, the Plaintiff issued its Notice of Default, Demand for Payment and Reservation of Rights regarding the Note executed by Buccaroo and guaranteed by Defendants Taylor and Bach regarding Buccaroo's failure to pay the total outstanding indebtedness as provided for in the Notice of Default. *Id*., PageID.2156.

As of May 31, 2022, there was outstanding principal balance owing on the Promissory Note in the principal amount of $365,602.39 interest accrued in the amount of $25,485.26 with a daily accrual interest at $63.40447 for a balance of $391,087.65. Also, as of May 31, 2022, there was an outstanding principal balance owing on the $1,036,000.00 Note in the principal amount of $896,243.88, interest accrued in the amount of $95,224.12 with a daily accrual of interest at $147.32776. There are flat fees of $11,602.55 and late charges of $1,345.84, for a balance of $1,004,416.39. Also, as of May 31, 2022, there was outstanding principal balance owing on the $75,000.00 Note in the principal amount of $74,936.75, with interest accrued in the amount of $7,828.32, a late charge of $75.12, with a daily accrual of interest at $12.83164, for a balance of $82,840.19.

Demand was made of Defendants Taylor, Dino Drop, Bach, Buccaroo and Bucaroo Too in their capacities as guarantors for the full and immediate payment of all sums owed. However, the guarantors have failed to honor their guarantees.

4

Thus, as of May 31, 2022, Plaintiff is owed $1,478,344.23 from Defendants Taylor, Dino Drop, Bach, Buccaroo and Bucaroo Too, jointly and severally as guarantors.

Plaintiff filed suit on June 10, 2022 against the Corporate Defendants and the guarantors. The parties stipulated to the appointment of M. Shapiro Management Company LLC as the Receiver. The Receiver was appointed over all of the Corporate Defendants' property including, but not limited to the real and personal property located at 177 Vester in Ferndale and 4055 Old US 27 South and 4029 Old US 27 South in Gaylord. During the pendency of the receivership, the properties at 177 Vester and 4055 Old US 27 South and 4029 Old US 27 South in Gaylord have now been sold pursuant to this Court's authorizations. The amount due and owing to the Bank after credit for the net proceeds of sale is $392,621.80 with interest accruing at $18.83 a day.

## III.   LAW & ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 56 states that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When analyzing a summary judgment motion, the inquiry that a court performs is "the threshold inquiry of determining whether there is a need for a trial[,]" or in other

words, "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 251–52 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," by identifying portions of the record and the evidence that demonstrates an absence of a genuine, material dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a "properly supported motion for summary judgment is made," the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. When analyzing a motion for summary judgment, a court "must view the evidence in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)) (internal quotation marks omitted).

## B.  Plaintiff's Motion for Summary Judgment

To prevail on a claim for breach of contract under Michigan law, "'[a] party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach.'" *Epazz, Inc. v. Nat'l Quality Assur. USA, Inc.*, No. 20-1552, 2021 U.S. App. LEXIS 25942, at *6 (6th Cir.

August 26, 2021) (quoting *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178, 848 N.W.2d 95, 104 (2014)).  Here, none of these issues is in dispute.

The Corporate Defendants defaulted under the terms of the Loan Documents as a result of Defendants' failure to pay the Plaintiff the indebtedness when due. As a result of these defaults, Plaintiff demanded the full and immediate repayment of all sums owing from the Corporate Defendants pursuant to the Notes and Guaranties.  Despite the Plaintiff's demand for payment, the Notes have not been paid in full.  The Bank is therefore entitled to the full and immediate repayment of all sums due and owing under the Notes in the amount of $392,621.80, with continuing interest at $18.83 per day, costs and attorney fees accruing pursuant to the underlying loan documents.  The Corporate Defendants and the Guarantors all agreed to pay the Plaintiff's costs and expenses incurred in collecting the debt.

The Plaintiff is likewise entitled to full and immediate repayment under the Guaranties.  As a result of the Corporate Defendants being in default under the Notes, the Plaintiff is entitled to recover from Defendants Taylor and Bach, as individual guarantors all sums due and owing, in accordance with the terms of their guaranties.   The Guarantors also agreed to reimburse the Plaintiff for its costs and attorney fees incurred in the enforcement of the guaranties.

The Bank has demanded payment from Defendants Taylor and Bach under the Guaranties, but they have failed to honor the terms of the Guaranties.  Pursuant

to the Guaranties, Defendants Taylor and Bach are liable for the entire indebtedness and for costs and fees.

In response to the Plaintiff's Motion for Summary Judgment, none of the Defendants dispute the amount due and owing under the Notes and the Guaranties. Indeed, Defendant Taylor did not file a Response.  Defendant Bach's response only asserts that entry of summary judgment is premature at this juncture because the Receiver has not recovered funds improperly withdrawn from the Corporate Defendants by Defendant Taylor.  Defendant Bach asserts that if these funds were returned to the Corporate Defendants, the full deficiency owed to the Bank would be paid in full.  However, the Stipulated Order Appointing Receiver provides the Receiver with the discretion to determine if it will pursue any claims regarding the Receivership Property.  *See* PageID.6, PageID.187-88, 192, and 195-196.  The Receiver has exercised its business judgment and discretion and has determined that it is not in the best interests of the interested parties to pursue Defendant Taylor.

Here, any claims against Defendant Taylor for improper distributions and withdrawals are claims held by the Corporate Defendants.  There is no requirement that the Plaintiff pursue the return of funds purportedly taken by Defendant Taylor before summary judgment is granted in favor of Plaintiff.  Moreover, there are avenues for Defendant Bach to pursue recovery against Defendant Taylor.

8

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion for

Summary Judgment [#93] is GRANTED.

SO ORDERED.

Dated:  January 7, 2025                    /s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 7, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

9